NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2292
_____

SHARON A. FINIZIE,
                        Appellant

v.

SECRETARY UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-20-cv-06513)
District Judge: Honorable John M. Younge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 14, 2023

Before: CHAGARES, *Chief Judge*, SCIRICA, and AMBRO, *Circuit Judges.*

(Filed: May 15, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

In 2012 and 2015, Sharon Finizie applied to be an Infection Control Nurse ("ICN") at the Philadelphia Veterans Affairs Medical Center ("VAMC"). She was not selected for the position either time. As a result, Finizie sued the Secretary of the United States Department of Veterans Affairs ("VA"), alleging that she was not selected for the positions as retaliation for previously filing complaints of discrimination against the VA with the Equal Employment Opportunity Commission ("EEOC"). The VA moved for summary judgment on Finizie's retaliation claims, and the District Court granted that motion. Finizie now appeals that decision. We will affirm.

I.

Because we write primarily for the parties, we recite only the facts essential to our decision.

From February 1981 to May 1993, Finizie worked as an ICN at the Philadelphia VAMC. In May 1993, she was removed from her ICN position, and she was subsequently reassigned to a quality management position at the Philadelphia VAMC.

Over the succeeding years, Finizie regularly applied—unsuccessfully—for ICN positions at the Philadelphia VAMC whenever they became available. When she was not selected for a position, Finizie would file a complaint with the EEOC. She filed one such complaint with the EEOC in December 2010.

On August 22, 2012, the VA posted a new vacancy for an ICN at the Philadelphia VAMC. The job posting listed five preferred qualifications for applicants: (1) "Infection Control Practitioner Certification," (2) "Current infection control experience in a tertiary

care facility," (3) "Demonstrated ability to gather, track, analyze and interpret data," (4) "Knowledge and skills to perform surveillance," and (5) "Demonstrated ability to provide related education to interdisciplinary members of the healthcare team." SAppx174. Finizie applied for the position, but she was neither interviewed nor selected for the position. Unlike the applicants who were interviewed, Finizie lacked current infection-control experience, a qualification that the selecting officials considered "really absolutely necessary" and "paramount" for the position, SAppx283:20–284:5. Finizie subsequently filed a complaint with the EEOC, alleging that the VA's decision not to select her was in retaliation for her previous complaints to the EEOC.

On June 30, 2015, another ICN position became available at the Philadelphia VAMC. The posting identified four preferred qualifications, which largely mirrored those included in the 2012 posting: (1) "Infection Control Practitioner Certification," (2) "Current infection control experience in a tertiary care facility," (3) "Demonstrated ability to gather, track, analyze and interpret data," and (4) "Knowledge and skills to perform surveillance." SAppx517. Even though Finizie still did not have current infection-control experience, she applied for the position. To screen applicants for this position, the selecting official used a standardized rubric to assign a score to each applicant based on his or her qualifications. For instance, ICN certification was awarded 10 points, as was current infection control experience. Finizie's final score was 45. Because that was not among the top three highest scorers—who received scores of 60, 50, and 50, respectively—Finizie neither received an interview nor an offer for the

3

position. She subsequently filed another complaint with the EEOC, alleging that she was not selected for the position as retaliation for her previous complaints.

The EEOC consolidated Finizie's complaints regarding the 2012 and 2015 ICN positions. After holding hearings at which Finizie and others testified, an Administrative Judge found that the VA did not retaliate against her. She appealed the Administrative Judge's decision, and the EEOC affirmed the finding of no retaliation. It also denied her request for reconsideration. Finizie subsequently filed suit in federal court, alleging that the VA did not select her for the 2012 and 2015 ICN positions as retaliation. Following discovery, the VA moved for summary judgment on Finizie's claims, which the District Court granted. Finizie timely appealed.

II.[1]

Finizie appeals the District Court's order granting summary judgment in favor of the VA. She contends the District Court erred in granting summary judgment because "genuine issues of material fact exist" regarding whether the VA did not interview or

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 2000e-16(d). We have jurisdiction under 28 U.S.C. § 1291. "This Court exercises plenary review over a district court's grant of summary judgment, applying the same standard employed by the district court." *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 134 (3d Cir. 2013). "Summary judgment should only be granted where, after the close of discovery and viewing the evidence in the light most favorable to the non-moving party, the movant establishes that no genuine issue of material fact remains." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015). "If the evidence [in favor of the non-movant] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted).

4

select her for the ICN positions because she previously filed complaints with the EEOC.[2] Appellant's Br. 13. In particular, Finizie points to three primary pieces of evidence: (1) the fact that, according to her, she was "the only fully qualified in-house candidate to apply" for the positions, *id.*, (2) the different approaches the VA used to screen applicants for the 2012 and 2015 positions, and (3) the "duplicitous and contentious" deposition testimony of a staff attorney for the VA, *id.* at 17. Because this evidence does not establish a prima facie case of retaliation, we will affirm.

To survive the VA's motion for summary judgment on her retaliation claims, Finizie must establish a prima facie case of retaliation. *See Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006). To do so, a plaintiff must tender evidence showing that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the participation in the protected activity and the adverse action." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017) (citing *Moore*, 461 F.3d at 340–41). A plaintiff may establish the requisite causal connection by showing "temporal proximity 'unusually suggestive of retaliatory motive'" or "a pattern of antagonism" during the period between the protected activity and the adverse action. *Carvalho-Grevious*, 851 F.3d at 260 (citation omitted). Moreover, a plaintiff may also establish causation through "other types of circumstantial evidence,

---

[2] In her brief, Finizie frames the issue presented as whether "the District Court err[ed] in granting [the VA's] Motion for Summary Judgment and dismissing [her] claims of discrimination on the basis of age, gender, and prior EEOC activity." Appellant's Br. 1. Because she did not present claims of age or gender discrimination to the District Court—and also failed to develop any argument regarding them in her brief to us—we will not address such claims here.

such as inconsistent reasons given by the employer for [the adverse action], that give rise to an inference of causation when considered as a whole." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 302 (3d Cir. 2007).

Here, it is undisputed that Finizie engaged in protected activity when she filed complaints with the EEOC and that she suffered adverse employment actions when she was not selected for the ICN positions in 2012 and 2015. But she has failed to establish the requisite causal link between her complaints and the VA's decisions not to interview or hire her for the ICN positions. First, the time periods between her protected activities and the adverse employment actions were not "unusually suggestive of retaliatory motive." *See Carvalho-Grevious*, 851 F.3d at 260 (citation omitted). Although it is not stated in Finizie's complaint or brief, it appears that, before she was passed on for the ICN position in 2012, her most recent complaint to the EEOC was filed in December 2010. Likewise, before she was not selected for the ICN position in 2015, it appears her most recent complaint to the EEOC was filed in January 2013. These two-year gaps between protected activity and adverse employment action are too long to be unusually suggestive of a retaliatory motive. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) ("Although there is no bright line rule as to what constitutes unduly suggestive temporal proximity, a gap of three months between protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment."); *Andreoli v. Gates*, 482 F.3d 641, 650 (3d Cir. 2007) (holding that a five-month period was insufficient).

Moreover, Finizie has not pointed to any evidence of a pattern of antagonism during the periods between her complaints and when she was not selected for the ICN positions. Similarly, she has not presented any evidence that the VA has been inconsistent in its stated reasons for why she was not selected for the ICN positions. Indeed, the VA has consistently maintained that Finizie was not selected because she lacked recent infection-control experience and, in 2015, did not score as highly as other applicants on the VA's screening tool.[3]

Furthermore, the circumstantial evidence that Finizie has produced falls far short of what would permit a reasonable jury to infer that she was not interviewed or selected for the ICN positions because of her previous complaints to the EEOC. First, Finizie's assertion that she was "the only fully qualified in-house candidate to apply" for the ICN positions is belied by the evidence. Appellant's Br. 13. Specifically, as Finizie acknowledges, both positions listed "[c]urrent infection control experience in a tertiary care facility" as a preferred qualification, SAppx173–74, SAppx514–17, and Finizie

---

[3] Finizie has not demonstrated that the VA's stated, non-retaliatory reasons for not selecting her for the ICN positions are merely a pretext. Accordingly, even if she established prima facie cases of retaliation, her claims would still fail as a matter of law. *See Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022) (explaining that if, after the plaintiff establishes a prima facie case of retaliation, the employer "present[s] a legitimate, non-retaliatory reason for having taken the adverse action," "the burden then shifts back to the plaintiff to demonstrate that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action" (internal citations and quotation marks omitted)).

lacked such experience. Accordingly, contrary to her contention, Finizie was not fully qualified for the ICN positions.[4]

Second, Finizie's assertion that the VA's decision to change the manner in which it screened applicants for the 2015 ICN position demonstrates its retaliatory motive is similarly unavailing. Specifically, the change does not create a genuine issue of material fact because it is highly likely that, even if the VA had not changed its manner of screening applicants, Finizie still would not have been selected for the ICN position in 2015. Indeed, at that time, she continued to lack recent infection-control experience, to repeat, an "absolutely necessary" and "really paramount" qualification for the position, SAppx283:20–284:5. Accordingly, under either screening method, the outcome would have almost certainly been the same, with Finizie not interviewed or selected for the position.

Third, Finizie points to a VA staff attorney's "duplicitous and contentious" deposition testimony in this litigation as evidence of the VA's "underlying bias against [her]." Appellant's Br. 17. It is true that the staff attorney's answers regarding how long she has worked at the VA and her knowledge of Finizie's case were inconsistent with evidence in the record.[5] But such inconsistencies—occurring several years after Finizie

---

[4] Finizie contends that the fact an individual who also lacked a preferred qualification—Infection Control Practitioner Certification—was interviewed for the 2012 ICN position is evidence of retaliation. But, unlike Finizie, that individual had recent infection-control experience—which was "absolutely necessary" and "really paramount" for the position, SAppx283:20–284:5—and, ultimately, was not even selected for the position.

[5] For instance, the staff attorney testified that she started working for the VA in 2015, but there is evidence that she has been working at the VA since 2005. Similarly, the staff

was not selected for the ICN positions, from an individual who was not one of the VA's selecting officials, and about matters wholly unrelated to the VA's motives for not selecting Finizie—shed little light on the reasons why Finizie was not selected for the ICN positions in 2012 and 2015.

Accordingly, Finizie is left with her own subjective belief that she was not selected for the ICN positions because of her previous protected activity. Because speculation and conjecture are insufficient to defeat a motion for summary judgment, the District Court did not err in granting summary judgment in favor of the VA. *See Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016).

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

attorney testified that she had little knowledge or involvement with Finizie's case, *see, e.g.,* A156:17–18 ("I honestly don't know anything about [Finizie]."); A164:4 ("I'm not handling [this case] anymore, no."), but an email from the VA's deputy chief counsel, sent shortly after the staff attorney's deposition, indicated that the staff attorney was "handling any remaining matters involving Ms. Finizie," A188.